IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
FEB 2 6 2008
U.S. COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| DCX-CHOL ENTERPRISES, INC. Plaintiff, v. THE UNITED STATES Defendant. | CFC No. 08-109 C<br>Judge ________ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**COMES NOW** Plaintiff, DCX-CHOL Enterprises, Inc. ("DCX"), by and through undersigned counsel, and files this Complaint for Injunctive Relief and Declaratory Judgment.

**Parties**

1. Plaintiff DCX is a California corporation whose principal office is located in Los Angeles, California. DCX is engaged in the business of designing, manufacturing, and assembling electrical components for the entire defense industry.

2. The Defendant is the United States of America, acting through the Defense Logistics Agency, Defense Supply Center Richmond, VA ("DLA" or "DSCR").

**Jurisdiction**

3. Jurisdiction in this Court is based on the Tucker Act, 28 U.S.C. §§ 1491(a)(2) and 1491(b)(1).

**Facts**

4. On January 23, 2008, DSCR issued Solicitation No. SPM4A6-08-R-0148 for Cable Assembl[ies], Special Purpose, Electrical (the "Solicitation").

5. DCX intends to submit an offer in response to the Solicitation.

6. The National Stock Number ("NSN") for the cable assemblies sought in the Solicitation is 6150-01-304-5490, which represents a component of an F/A 18 Hornet Aircraft.

7. The Solicitation identifies this component as a "Critical Application Item."

8. The Defense Logistics Agency's instructions define a "Critical Application Item (CAI) an item that is essential to weapon system performance or operation, or the preservation of life or safety of operating personnel, as determined by the Military Services." Joint Instruction DLAI 3200.1, October 31, 2002, "Engineering Support Instructions for Items Supplied By Defense Logistics Agency," § V.a.

9. The cable assembly that is the subject of this solicitation is the communication conduit between the F/A 18 aircraft cockpit and the weapon.

10. The weapon in this case is a military missile, which cannot be launched without the cable, thereby making the cable "an item which is essential to weapon system performance."

11. The Solicitation was a 100 percent set-aside for small business using North American Industry Classification System ("NAICS") code 335931 (Current-Carrying

Wiring Device Manufacturing) with a corresponding 500 employee size standard.

12. The Solicitation was to result in a firm fixed price contract for a total of twenty-nine production items.

13. A contracting officer must:

> designate[] the proper NAICS code and size standard in a solicitation, selecting the NAICS code which best describes the principal purpose of the product or service being acquired. Primary consideration is given to the industry descriptions in the NAICS United States Manual, the product or service description in the solicitation and any attachments to it, the relative value and importance of the components of the procurement making up the end item being procured, and the function of the goods or services being purchased. Other factors considered include previous Government procurement classifications of the same or similar products or services, and the classification which would best serve the purposes of the Small Business Act. A procurement is usually classified according to the component which accounts for the greatest percentage of contract value. Procurements for supplies must be classified under the appropriate manufacturing NAICS code, not under the wholesale trade NAICS code.

13 C.F.R. § 121.402(b). See also FAR 19.102.

14. Prior to the issuance of the Solicitation, a representative of DCX contacted DSCR Contract Specialist, Brenda Noe, via phone to inform her that DCX believed that the intended NAICS code (as stated in the announcement) was improper and to request that she look into the matter.

15. On January 24, 2008, the day after the solicitation was originally issued, DCX submitted an appeal to the Small Business Administration's ("SBA") Office of Hearings and Appeals ("OHA"), alleging that the original NAICS code designation of 335931 was improper and that the proper NAICS code designation was 336413 (Other Aircraft Parts and Auxiliary Equipment Manufacturing) with a corresponding employee size standard of 1,000.

16. In response to DCX's appeal the CO issued an amendment to the solicitation, but

rather than using the suggested and proper NAICS Code of 336413, the CO assigned the Solicitation a NAICS Code of 334419 (Other Electronic Component Manufacturing). The Contracting Officer, Mr. Ernest Hood, explained this change in a letter to the OHA dated Feburary 7, 2008, which stated that:

> The required Cable Assembly, Special Purpose, Electrical is used on the F/A 18 Hornet aircraft. All cable assemblies perform the same or similar functions and use similar functions and use similar production processes, but actual design/size/configuration is tailored by the component manufacturer to a specific weapon system. NAICS code 334419, Other Electronic Component Manufacturing, best describes the required item. NAICS code 336413 is appropriate for aircraft assemblies or auxiliary parts unique to aircraft and is typically used for aircraft structural components, propellers, armament racks, and similar items.

17. On February 12, 2008, DCX submitted a second appeal to OHA, alleging that the CO had again selected the wrong NAICS Code, this time NAICS code 334419, and again requesting that the CO use the proper NAICS code designation of 336413, a code which is specific to aircraft parts, because that code (336413) best described the principal purpose of the product or service being acquired as required by the regulations.

18. On February 13, 2008, one day after DCX submitted this second protest, OHA issued a decision, DCX-CHOL Enterprises, Inc., SBA No. NAICS-4893 (2008), upholding the CO's improper NAICS Code designation.

19. On February 20, 2008, DSCR issued a third amendment to the Solicitation extending the deadline for submission of offers to March 3, 2008.

20. This protest of the Solicitation is being submitted prior to the closing date of offers and is therefore timely. See Blue & Gold Fleet, LP v. United States, 70 Fed. Cl. 487, 513 (2006).

**Count I (DSCR's Failure to Select the Proper NAICS Code)**

21. Paragraphs 1 to 20 are incorporated herein by reference.

22. In violation of 13 C.F.R. § 121.402(b) and FAR 19.102, the DSCR Contracting Officer failed to designate the proper NAICS code which best describes the principal purpose of the product or service being acquired.

**Count II (DSCR's Irrational and Arbitrary NAICS Code Designation)**

23. Paragraphs 1 to 20 are incorporated herein by reference.

24. The choice made by the Contracting Officer in selecting NAICS code 334419 is irrational and arbitrary, and based on a clear error of fact or law.

**Count III (OHA Irrationally and Arbitrarily Approved the Wrong NAICS Code Designation)**

25. Paragraphs 1 to 20 are incorporated herein by reference.

26. OHA's decision, upholding the CO's irrational and arbitrary NAICS code selection, was in itself an irrational and arbitrary decision based on a clear error of fact or law.

**REQUEST FOR RELIEF**

DCX respectfully requests:

27. That the Court issue a Preliminary Injunction prohibiting DSCR, its agents, employees, officers and representatives, and those acting in concert with or participating with any of the foregoing, from awarding any contract under Solicitation No. SPM4A6-08-R-0148 with its current NAICS Code designation of 334419.

28. That the Court declare that the CO's designation of NAICS Code 334419 was improper and in violation of 13 C.F.R. § 121.403 and FAR 19.102.

29. That the Court declare that OHA's decision in upholding the CO's NAICS code designation was irrational, arbitrary and based on a clear error of fact or law.

30. That the Court direct DSCR and the CO to issue a fourth amendment to the Solicitation designating NAICS Code 336413 as the proper NAICS Code for the Solicitation.

31. That DCX be awarded its reasonable costs, attorneys' fees, and proposal costs, and such further relief as is determined just and fair by the Court.

DATE: February 26, 2008

Respectfully submitted,

Richard D. Lieberman
McCarthy, Sweeney & Harkaway, PC
2175 K St., NW, Suite 600
Washington, DC 20037
202-775-5560
fax 202-775-5574
rlieberman@mshpc.com

Counsel to Plaintiff, DCX-CHOL Enterprises, Inc.

Of Counsel

Nicole S. Allen
McCarthy, Sweeney & Harkaway, PC
2175 K St., NW, Suite 600
Washington, DC 20037
202-775-5560
fax 202-775-5574
nallen@mshpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of Plaintiff's Complaint to be served on this 26th day of February 2008, by electronic means on the following:

U.S. Department of Justice
Armando Rodriguez-Feo
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, Room 12126
1100 L St, N.W.
Washington, DC 20530
Phone: 202-307-3390
Fax: 202-514-8624
Armando.Rodriguez-Feo@usdoj.gov

Contracting Officer
Defense Logistics Agency
Defense Supply Center Richmond
8000 Jefferson Highway
Richmond, VA 23297
Phone: 804-279-4982
Fax: 804-279-3377
ernest.hood@dla.mil

Richard D. Lieberman